UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN E. WEIGAND,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CHEUNG, an individual; and PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation,<br><br>    Defendants. | No. 2:14-cv-00278-SAB<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Before the Court is Defendants' Motion to Dismiss, ECF No. 13. The motion was heard without oral argument.

On August 21, 2014, Plaintiff filed his Complaint, alleging violations for the Fair Debt Collection Practices Act. Defendants now move to dismiss the action.

**A.    Motion Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** ~ 1

facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint does not need detailed factual allegations, but it must provide more than a "formulaic recitation of the elements of a cause of action.. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The factual allegations must be enough to raise a right to relief above the speculative level. *Id.* When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir.2009) (quotations omitted).

**B.    Plaintiff's Allegations**

The following facts are taken from Plaintiff's complaint:

In January, 2008, Plaintiff and his wife purchased a car and obtained a loan from Toyota Motor Credit (TMC) Corporation. In April, 2011, Plaintiff and his wife divorced. The dissolution decree required the wife to pay for the car loan. The wife eventually defaulted on the car loan; however, Plaintiff had no knowledge of the default.

On August 2, 2013, Plaintiff was served by Defendants with an unfiled Summons and Spokane County Superior Court Complaint. The purpose of the Complaint was to collect on the TMC loan.

On August 6, 2013, Plaintiff responded to the Summons and Complaint by mailing and faxing his response to Defendants and denying liability.

On October 17, 2013, Defendants filed the TMC case against Plaintiff and his wife in Spokane County Superior Court and moved the court for default

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** ~ 2

judgment against them on the same day.[1] The motion was granted on October 29, 2013.

On December 26, 2013, Defendants sent correspondence to the wife, confirming that a settlement of the account for the sum of $5,500, as well as a payment arrangement, was agreed to between Defendants and the wife. This correspondence did not indicate that judgment had been obtained against Plaintiff.

On January 27, 2014, Defendants sent correspondence to Plaintiff, informing him for the first time that a judgment was entered against him. The letter stated that the Judgment Balance Due was $6,118.82. The letter also did not indicate that Defendants entered into a settlement with the wife for less than the judgment balance.

Plaintiff responded to Defendants on February 1, 2014, disputing the amount and validity of the default judgment. Defendants refused to vacate the default judgment, or provide any additional correspondence regarding the settlement. Plaintiff obtained counsel in March, 2014, and his counsel attempted to call Defendant Cheung in an effort to resolve the default judgment; however, Mr. Cheung refused to return any telephone calls.

On April 16, 2014, Plaintiff moved to vacate the default judgment entered against him. The Spokane County Superior Court granted the motion on April 25, 2014. Although he moved to dismiss the lawsuit on May 6, 2014, Defendants voluntarily dismissed the lawsuit before the motion was heard.

In his Complaint, Plaintiff asserts three claims based on the Fair Debt Collections Practices Act:

---

[1] In the motion for default dated October 17, 2013, Defendants specifically indicated to the Spokane Superior Court that Plaintiff had not responded to the Summons and Complaint. This representation was not true, because a response was made by Plaintiff on August 6, 2013.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** ~ 3

    (1)    by entering a default judgment after Plaintiff had appeared and without any notice or opportunity to be heard;

    (2)    by refusing to voluntarily vacate the default judgment after it was entered and especially after Plaintiff reiterated his appearance in the proceedings through correspondence with Defendants;

    (3)    by claiming an amount due from Plaintiff in excess of the amount for which TMC agreed to settle the account.

Plaintiff is seeking actual damages and statutory damages, costs and reasonable attorneys' fees. Plaintiff alleges that Defendants caused derogatory information to be placed on his credit report.

## C. Request for Judicial Notice

Defendants request the Court to take judicial notice of the Spokane Superior Court's docket sheet, the October 2013 default judgment, and the January 27, 2014 letter.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). On the other hand, a court may consider matters properly subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resource to sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b). Courts are permitted to take judicial notice of court filings and other matters of public record because they are readily verifiable. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The Court grants Defendants' request and will take judicial notice of the requested documents.

///

///

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** ~ 4

D.  **Fair Debt Collection Practices Act**

Plaintiff's claims are based on alleged violations for the Fair Debt Collection Practices Act. Generally, the FDCPA prohibits debt collectors from (1) engaging in harassing, oppressive, or abusive conduct; (2) using false, deceptive, or misleading representations or means; and (3) using unfair or unconscionable means. 15 U.S.C. §§ 1692d; 1692e; 1692f. The purpose of the FDCPA is:

> to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

§ 1692e.

A violation of the FDCPA is measured by the objective standard of "least sophisticated debtor." *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996). The FDCPA is a strict liability statute. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir.2010). Moreover, the FDCPA is a remedial statute and thus, must be construed liberally in favor of the debtor. *Id.*

E.  **Analysis**

The Court has reviewed Plaintiff's Complaint and finds that it survives Defendants' Motion to Dismiss. The factual allegations contained in the complaint permit reasonable inferences that plausibly suggest claims entitling relief under the FDCPA.

The Court adopts the reasoning of Judge Lasnik of the Western District of Washington in holding that all litigation activities, including formal pleadings, are subject to the FDCPA, except to the limited extent that Congress exempted formal pleadings from the particular requirements of § 1692e(11). As Judge Lasnik explained:

> a proper reading of *Heintz* necessitates that some litigation activities are subject to the FDCPA. In *Heintz,* the Supreme Court held that

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** ~ 5

"lawyer[s] who 'regularly,' *through litigation,* tr[y] to collect consumer debts" are included in the FDCPA's definition of "debt collector." *Heintz,* 514 U.S. at 292 (emphasis in original). That decision would be meaningless if there were no litigation-based way for those same "debt collectors" to violate the FDCPA. Furthermore, *Heintz's* reasoning indicates explicitly that the Court intended the FDCPA to apply not only to litigators but also to litigation activities. *See, e.g., id.* at 295 (rebutting the argument that "many of the [FDCPA's] requirements, if applied directly to litigating activities, [would] create harmfully anomalous results").

*Medialdea v. Law Office of Evan L. Loeffler PLLC,* No. CV09-55RSL, 2009 WL 1767185, at *4 (W.D. Wash. June 19, 2009).

Plaintiff's Complaint alleges facts sufficient to establish that Defendants are debt collectors under the FDCPA. As such, they are not entitled to protection under the *Noerr-Pennington* doctrine or Washington litigation's privilege.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss, ECF No. 13, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 4th day of February, 2015.



                    Stanley A. Bastian
                    United States District Judge

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** ~ 6