1  Kirk D. Miller, P.S.
   421 W. Riverside Ave., Ste. 704
2  Spokane, WA 99201
   (509) 413-1494 Telephone
3  (509) 413-1724 Facsimile

4
   Brian Cameron
5  Cameron Sutherland, PLLC
   421 W. Riverside Ave., Ste. 660
6  Spokane, WA 99201
   (509) 315-4507 Telephone
7  (509) 315-4585 Facsimile

8

9
                IN THE UNITED STATES DISTRICT COURT
10                 EASTERN DISTRICT OF WASHINGTON

11  STEPHEN E. WEIGAND,              )
                                     )
12            Plaintiff,             )  Case No.: 2:14-CV-278-SAB
                                     )
13      vs.                          )
                                     )  PLAINTIFF'S MOTION FOR
14                                   )  AWARD OF ATTORNEY FEES AND
                                     )  COSTS
15  MATTHEW CHEUNG, an individual;   )
    and PATENAUDE & FELIX A          )  7/13/2015 @ 6:30 PM
16  PROFESSIONAL CORPORATION, a      )  WITHOUT ORAL ARGUMENT
    California corporation,          )
17                                   )
                                     )
18            Defendants.            )

19

20          I.    Motion for Attorney's Fees and Costs

21          Plaintiff Stephen Weigand moves the Court for reasonable attorney's fees

22  and costs.  This Motion is based on the supporting Memorandum herein, including

23  the legal authorities cited, the supporting declarations, all documents related to this

24

25
    PLAINTIFF'S MOTION FOR
    AWARD OF REASONABLE
    ATTORNEY'S FEES AND COSTS - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Motion, all documents in the Court's file in this action, and any other items the Court deems appropriate.

## II.    Background and Procedural History

On August 2, 2013, Plaintiff was served by Defendants with an unfiled summons and complaint in the Spokane County Superior Court.  Plaintiff appeared in the action through his attorneys.  Despite his appearance in the case, Defendants moved for and were granted a default judgment, without any notice to the Plaintiff. Despite correspondence by both the Plaintiff and his attorney, the Defendants refused to vacate the improper default.  Plaintiff suffered emotional distress, as well as damage to his credit, resulting from the judgment.  Plaintiff was forced to file a motion in the Spokane County Superior Court to vacate the void judgment. On April 25, 2014, the Spokane County Superior Court agreed that the judgment was void and vacated the illegal judgment. After being confronted with the Plaintiff's motion for summary judgment, the Defendants dismissed the Superior Court lawsuit with prejudice.

On August 21, 2014, Plaintiff filed his Complaint against Defendants Matthew Cheung and Patenaude & Felix for violations of the Fair Debt Collection Practices Act (FDCPA).  Defendants filed their answer, denying that they violated the FDCPA and asserting that Defendant Cheung is not a debt collector.  On

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 2

November 25, 2014, the Defendants filed a motion to dismiss, which was denied by this Court on February 4, 2015. On March 26, 2015, the Defendants made an offer of judgment that included reasonable attorney's fees in an amount to be determined by this Court. ECF No. 20-1. Plaintiff accepted the offer and this Motion follows.

### III.    Statement of Facts

Plaintiff herein is represented by Kirk D. Miller of Kirk D. Miller, P.S and Brian Cameron of Cameron Sutherland, PLLC.

Mr. Miller has expended a total of 43.1 compensable hours on behalf of Plaintiff. Mr. Miller's paralegal, Rachel Elston, has expended a total of 10.9 compensable hours on behalf of Plaintiff. An itemized billing statement is attached to the supporting declaration of Mr. Miller, filed herewith. ECF No. 25. The hourly rate for the services provided by Mr. Miller is three hundred dollars ($300.00) per hour. The total lodestar calculation for the services of Mr. Miller in this matter is twelve thousand nine hundred thirty dollars ($12,930.00 = 43.1 hours x $300.00). *Id.* The total lodestar calculation for the services of Mr. Miller's paralegal in this matter is one thousand three hundred sixty-two dollars and fifty cents ($1,362.50 = 10.9 hours x $125.00). *Id.* Kirk D. Miller, P.S., also incurred costs and litigation expenses of six hundred eighty-nine dollars and fifty cents

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

($689.50) in prosecution of this matter. *Id.*  Kirk D. Miller, P.S., incurred total reasonable time and costs in the amount of fourteen thousand nine hundred eighty-two dollars ($14,982.00) on this matter as of June 1, 2015.  ECF No. 25-1

Mr. Cameron has expended a total of 24.3 compensable hours on behalf of Plaintiff.  Cameron's Legal Assistant, Christina Nelson, has expended a total of 0.8 compensable hours on behalf of Plaintiff.  An itemized billing statement is attached to the supporting declaration of Mr. Cameron, filed herewith. ECF No. 26.  The hourly rate for the services provided by Mr. Cameron is two hundred dollars ($200.00) per hour.  The total lodestar calculation for the services of Mr. Cameron in this matter is four thousand eight hundred and sixty dollars ($4,860.00 = 24.3 hours x $200.00). *Id.*  The total lodestar calculation for the services of Mr. Cameron's Legal Assistant in this matter is seventy two dollars ($72.00 = 0.8 hours x $90.00). *Id.*  Cameron Sutherland, PLLC, also incurred costs and litigation expenses of sixty four dollars and forty cents ($64.40) in prosecution of this matter. *Id.*  Cameron Sutherland, PLLC, incurred total reasonable time and costs in the amount of four thousand nine hundred ninety-six dollars and forty cents ($4,996.40) on this matter as of June 9, 2015.  ECF No. 26-1.

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 4

Plaintiff is the prevailing party in this litigation and is entitled to costs and reasonable attorney's fees in the amount of nineteen thousand nine hundred seventy-eight dollars and forty cents ($19,978.40). ECF Nos. 25, 26.

Counsel have carefully reviewed the time records to ensure that only productive and necessary efforts are included in this fee petition. Furthermore, Washington Law permits recovery of all time reasonably expended in the litigation, whether or not each time entry contributed to the successful claim, so long as the time is related to the ultimate result achieved. *Chuong Van Pham v. City of Seattle, Seattle City Light*, 159 Wash. 2d 527, 548, 151 P.3d 976, 986 (2007).

IV.    Argument

A. Plaintiff Was Successful in this Action

The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney's fees to a successful consumer:

> [a]ny debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of--[actual damages] [statutory damages] and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a)(3)

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Under the FDCPA, the prevailing plaintiff is entitled to a reasonable attorney's fee as determined by the Court.  *Id.*  "The FDCPA's statutory language makes an award of fees mandatory."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted).  Having prevailed on Default Judgment, and Judgment having been entered, Plaintiff is unquestionably the prevailing party in this litigation.  As the prevailing party, Plaintiff is entitled to a mandatory award of costs and reasonable attorney's fees.  *Id.*

Given the structure of the FDCPA, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorneys-general.  *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). *See also, DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990).

///

///

///

///

///

///

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 6

B.  Plaintiff's Attorneys are to be Awarded Fees
Pursuant to the Lodestar Formula

The U.S. Supreme Court has explained the calculation for an award of

attorney's fees:

> The most useful starting point for determining the amount of a
> reasonable fee is the number of hours reasonably expended on
> the litigation multiplied by a reasonable hourly rate. The
> calculation provides an objective basis on which to make an
> initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40
(1983); *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).
*See also, Thorpe v. Collection Info. Bureau*, 963 F. Supp. 1172, 1174 (S.D. Fla.
1996).

Although this decision, and others cited hereinafter, arise in the context of

the Civil Rights Attorney's Fees Award Act, 42  U.S.C. § 1988, these criteria are

equally applicable here.  "The standards set forth in this opinion are generally

applicable in all cases in which Congress has authorized an award of fees to a

'prevailing party.'"  *Hensley v. Eckerhart*, 461 U.S. at 433, n. 7.  "We have stated

in the past that fee-shifting statutes' similar language is 'a strong indication that

they are to be interpreted alike.'"  *Independent Federation of Flight Attendants v.*

*Zipes*, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639 (1989), *quoting*

*Northcross v. Memphis Bd. Of Education*, 412 U.S. 427, 428; 93 S. Ct. 2201, 2202;

37 L. Ed. 2d 48 (1973).  The multiplication of the reasonable number of hours

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

expended times the reasonable hourly rate is referred to as the "lodestar." *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995).

Mr. Miller's compensable time in this litigation totaled 43.1 hours. ECF No. 25. This amount of time is reasonable. *Id.* The hourly rate of $300.00 charged by Mr. Miller is appropriate for an attorney of his experience in this type of litigation. *Id.* Ms. Elston's compensable time in this litigation totaled 10.9 hours. ECF No. 25. This amount of time is reasonable. *Id.* The hourly rate of $125.00 charged by Ms. Elston is appropriate for a paralegal of her experience. *Id.* Kirk D. Miller, P.S., also incurred $689.50 in costs and litigation expenses in this matter. *Id.*

Mr. Cameron's compensable time in this litigation totaled 24.3 hours. ECF No. 26. This amount of time is reasonable. *Id.* The hourly rate of $200.00 charged by Mr. Cameron is appropriate for an attorney of his experience in this type of litigation. *Id.* Ms. Nelson's compensable time in this litigation totaled 0.8 hours. *Id.* This amount of time is reasonable. *Id.* The hourly rate of $90.00 charged by Ms. Nelson is appropriate for a Legal Assistant of her experience. *Id.* Cameron Sutherland, PLLC, also incurred $64.40 in costs and litigation expenses in this matter. *Id.*

///

///

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## C.  The Lodestar May Not be Reduced Due
### to the Amount of the Judgment

Plaintiff seeks an award of his attorney fees based upon the lodestar formula.

1.  Prevailing Market Rates are the Standard

The U.S. Supreme Court stated "[t]he statute and legislative history establish that 'reasonable fees' under section 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547 (1984) (footnote omitted). *See also, Camacho* at 979-81.  Mr. Miller seeks an hourly rate of $300.00.  ECF No. 25.

> In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases ... Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law.

*Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995).

The respective hourly rates of Mr. Miller and his paralegal, Ms. Elston, and Mr. Cameron and his Legal Assistant, Mrs. Nelson, are reasonable in light of their respective experience and skill and the prevailing market rates in the Spokane County legal community.  ECF Nos. 25, 26.  It is also the rate they charge their

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

fee-paying clients.  ECF Nos. 25, 26.  Moreover, the rates are appropriate in light of what is charged in the marketplace for attorneys and paralegals with comparable skills and experience.  *Id.*

2.  The Award of Attorneys' Fees is not Limited by the Amount of Damages

As long as the consumer is successful, i.e., recovers more than nominal damages, the consumer should be awarded attorney fees pursuant to a lodestar calculation.  "In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under section 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d 446 (1986)(footnote omitted). *Also see: Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999); *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997).

The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards.  *See e.g., Heritage Pacific Financial, LLC v. Monroy*, 215 Cal. App. 4th 972, 1007 (Cal. App. 1st Dist. 2013) ("This lawsuit may spur [Defendant] to cease unlawful conduct against other consumers, which is an important consideration.")  Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
10

unlikely if an individual had to pay his or her own attorney's fees.  The Supreme

Court quoted Senator Tunney's remarks in the Congressional Record: "If the

citizen does not have the resources, his day in court is denied him; the

congressional policy which he seeks to assert and vindicate goes unvindicated; and

the entire nation, not just the individual citizen, suffers." *City of Riverside*, 477

U.S. at 575, 106 S. Ct. at 2694 (citation omitted).

The Third Circuit amplified this thought, stating:

> Congress provided fee shifting to enhance enforcement of
> important civil rights, consumer-protection, and environmental
> policies.  By providing competitive rates we assure that
> attorneys will take such cases, and hence increase the likelihood
> that the congressional policy of redressing public interest
> claims will be vindicated.

*Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d
1436, 1449 (3d Cir. 1988).

"Congress has relied on such plaintiffs to act as private attorneys general."

*Id.* at 1450 n.13. *Also see: Graziano v. Harrison*, 950 F.2d at 113.  The amount of

damages awarded often has borne no relation to the amount of attorney's fees

granted.  "[A]ttorney's fees awarded by district courts have 'frequently outrun the

economic benefits ultimately obtained by successful litigants.'"  *Evans v. Jeff D.*,

475 U.S. 717, 735; 106 S. Ct. 1531, 1541; 89 L. Ed. 2d 747 (1986) (citation

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

omitted).  Upon finding a statutory violation and damages, the attorney's fees award should be made in the lodestar amount.  *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).

For example, in *Cruz v. Int'l Collection Corp.*, 2010 U.S. Dist. LEXIS 69688 (N.D. Cal. June 8, 2010) (J. Fogel), the Court awarded plaintiffs' counsel $22,656.17 in attorney's fees and $2,854.81 in costs where the plaintiff recovered $1,000 in statutory damages.  In *Bretana v. Int'l Collection Corp.*, 2010 U.S. Dist. LEXIS 68872 (N.D. Cal. June 8, 2010) (J. Fogel), the Court awarded $50,542.17 in attorneys' fees and $5,268.51 in costs where the plaintiff recovered $2,500 in damages.  In *Armstrong v. The Rose Law Firm, P.A.*, 2002 U.S. Dist. LEXIS 16867 (D. Minn. Sept. 4, 2002), the district court approved the award of $43,180 in attorney's fees where the plaintiff recovered $1,000 in statutory damages.  The Southern District of Florida affirmed the bankruptcy court's award of attorney's fees of $29,037.50 where the plaintiff recovered FDCPA statutory damages of only $1,000.  *In re Martinez*, 266 B.R. 523, 544 (Bankr. S.D. Fla. 2001), *aff'd* 271 B.R. 696 (S.D. Fla. 2001).    In *Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990), the district court awarded $10,110 in attorney's fees where the plaintiff's recovery was only $1,200.  The Seventh Circuit reversed a district court's denial of attorney's fees even though the plaintiffs only recovered $100 ($50 each) as FDCPA statutory

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

damages and remanded for determination of an award of attorney's fees. *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164. Of course, the amount of reasonable attorney's fees awarded pursuant to the FDCPA is left to the sound discretion of the judge. *Schimmel v. Slaughter*, 975 F.Supp. 1481, 1484 (M.D. Ga. 1997); *See also, Danow v. Law Office of David E. Borack*, P.A., 367 Fed. Appx. 22 (11th Cir. Fla. 2010) (Although the consumer recovered the same $1,000 damages contained in the Offer of Judgment, the final Judgment obtained was not confidential as required by the Offer, and the consumer was entitled to the award of attorney's fees in the amount of $62,895.00 plus costs of $715.60).

The Ninth Circuit Court of Appeals recently found that the court did not abuse its discretion in awarding $697,000 in attorney fees and costs to a plaintiff who recovered $27,000 in damages under the California Fair Employment and Housing Act. *Muniz v. UPS*, 738 F.3d 214, 227 (9th Cir. Cal. 2013) ("A trial court does not under California law abuse its discretion by simply awarding fees in an amount higher, even very much higher, than the damage awarded, where successful litigation causes conduct which [a statute] was enacted to deter to be exposed and corrected.")

Likewise, under Washington Law, when a party seeks an award of fees disproportionate to a damages award, courts readily grant the request when

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
13

1  documentation supports a reasonable expenditure of time on tasks performed by

2  counsel. *Target Nat. Bank v. Higgins*, 180 Wash. App. 165, 321 P.3d 1215 (2014)

3  (citing: *Fiore* v. *PPG Indus., Inc.,* 169 Wn. App. 325, 279 P.3d 972 (2012);

4

5  *Taliesen Corp.*v. *Razore Land Co.,* 135 Wn. App. 106, 144 Po3d 1185 (2006);

6  *Mayer* v. *City of Seattle,* 102 Wn. App. 66, 10 Po3d 408 (2000); *Dash Point Vill.*

7  *Assocs.* v. *Exxon Corp.,* 86 Wn. App. 596, 937 P.2d 1148 (1997)).

8

9  D. Plaintiff's Attorney is Entitled to an<br>Award of Costs and Litigation Expenses

10  Plaintiff has requested the award of costs and litigation expenses in addition

11  to an award of attorneys' fees.  FDCPA "plaintiffs are also entitled to an award of

12  costs representing out-of-pocket litigation expenses ... includ[ing] costs incurred in

13  travel (airfare, car rental, hotels and food, gasoline and the like), telephone, postage

14  and photocopying." *Ilick v. Miller*, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999).

15

16  The FDCPA grants the successful plaintiff "the costs of the action." 15

17  U.S.C. §1692k(a)(3).  Long distance telephone and faxing expenses, as well as

18  copying and postage have been awarded as costs. *Sousa v. Miguel*, 32 F.3d 1370,

19  1374 (9th Cir. 1994).  Recoverable costs include travel, photocopies, lodging,

20  postage, telephone calls, and computerized research. *Libertad v. Sanchez*, 134 F.

21  Supp. 2d 218, 236 (D.P.R. 2001).  Costs may be recovered as provided for by

22

23

24

25  PLAINTIFF'S MOTION FOR<br>AWARD OF REASONABLE<br>ATTORNEY'S FEES AND COSTS - 14

statute as well as 28 U.S.C. § 1920.  *See Lathem v. Department of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999).

1.  Legal Assistants and Interns

Fees for legal work performed by legal assistants and law clerks may be included in attorney's fees.  *Absher Construction Company v. Kent School District*, 79 Wn. App. 841, 905 P.2d 1229, 917 P.2d 1086 (1995).  The Washington Supreme Court has held that "reasonable attorney fees" includes reasonably, necessary expenses of litigation.  *Panorama Vill. Condo. Owners Ass' n Bd. of Dirs. v. Allstate Ins. Co.*, 144 Wn.2d 130, 142, 26 P.3d 910 (2001); *Louisiana-Pac. Corp. v. Asarco, Inc.*, 131 Wn.2d 587, 605, 934 P.2d 685 (1997) (Sanders, J., concurring).  The United States Supreme Court has approved of an award of fees for legal assistance noting that, "[b]y encouraging the use of lower cost paralegals rather than attorneys wherever possible, permitting market-rate billing of paralegal hours encourages cost-effective delivery of legal services."  *Missouri v. Jenkins*, 491 U.S. 274, 288, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (internal quotation marks omitted).

In *Absher*, the Court found that because non-lawyer personnel decrease the expense of litigation, use of their services should not be discouraged.  *Absher*, 79 Wn. App at 844.  Excluding such services from an attorney fee award might act as

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
15

1

2

a deterrent to providing cost-effective legal services.  The services of a "qualified

legal assistant" may be included in an attorney fee award.  *Id.*

3

### V.    Conclusion

4

5

6

Attorney fees and expenses should be awarded to Plaintiff in the amount of

nineteen thousand nine hundred seventy-eight dollars and forty cents ($19,978.40).

7

8

DATED this 11th day of June, 2015.

9

*Kirk D. Miller P.S.*

10

11

/s Kirk D. Miller

12

Kirk D. Miller
WSBA # 40025
Attorney for the Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
16

1

Table of Authorities

2
**Cases**

3
*Absher Construction Company v. Kent School District*, 79 Wn. App. 841, 905 P.2d
        1229, 917 P.2d 1086 (1995)..................................................................15, 16

4
*Armstrong v. The Rose Law Firm, P.A.*, 2002 U.S. Dist. LEXIS 16867 (D. Minn.
        Sept. 4, 2002) ........................................................................................... 12

5
*Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547 (1984) ....................... 9

6
*Bretana v. Int'l Collection Corp.*, 2010 U.S. Dist. LEXIS 68872 (N.D. Cal. June 8,
        2010) ......................................................................................................... 12

7
*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) .............6, 7, 9

8
*Chuong Van Pham v. City of Seattle, Seattle City Light*, 159 Wash. 2d 527, 548,
        151 P.3d 976, 986 (2007) ........................................................................... 5

9
*City of Riverside v. Rivera*, 477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d
        446 (1986)............................................................................................10, 11

10
*Cruz v. Int'l Collection Corp.*, 2010 U.S. Dist. LEXIS 69688 (N.D. Cal. June 8,
        2010) ......................................................................................................... 12

11

12
*Danow v. Law Office of David E. Borack, P.A.*, 367 Fed. Appx. 22 (11th Cir. Fla.
        2010) ......................................................................................................... 13

13
*Dash Point Vill. Assocs.* v. *Exxon Corp.*, 86 Wn. App. 596, 937 P.2d 1148 (1997)
        ................................................................................................................. 14

14
*DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990)....... 6

15
*Evans v. Jeff D.*, 475 U.S. 717, 735; 106 S. Ct. 1531, 1541; 89 L. Ed. 2d 747
        (1986)........................................................................................................ 11

16
*Fiore* v. *PPG Indus., Inc.*, 169 Wn. App. 325, 279 P.3d 972 (2012) ................... 14

17
*Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995) ................................ 8

18
*Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) .................................6, 11

19
*Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40
        (1983)......................................................................................................... 7

20
*Heritage Pacific Financial, LLC v. Monroy*, 215 Cal. App. 4th 972, 1007 (Cal.
        App. 1st Dist. 2013).................................................................................. 10

21
*Ilick v. Miller*, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999)................................... 14

22
*In re Martinez*, 266 B.R. 523, 544 (Bankr. S.D. Fla. 2001), *aff'd* 271 B.R. 696
        (S.D. Fla. 2001) ........................................................................................ 12

23

24

25
PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
17

*Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639 (1989) ........................................................ 7

*Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996)...................................................... 12

*Lathem v. Department of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999) ................................................................................................................. 15

*Libertad v. Sanchez*, 134 F. Supp. 2d 218, 236 (D.P.R. 2001)............................ 14

*Louisiana-Pac. Corp. v. Asarco, Inc.*, 131 Wn.2d 587, 605, 934 P.2d 685 (1997) 15

*Mayer* v. *City of Seattle,* 102 Wn. App. 66, 10 Po3d 408 (2000)......................... 14

*Missouri v. Jenkins*, 491 U.S. 274, 288, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) 15

*Muniz v. UPS*, 738 F.3d 214, 227 (9th Cir. Cal. 2013) ........................................ 13

*Northcross v. Memphis Bd. Of Education*, 412 U.S. 427, 428; 93 S. Ct. 2201, 2202; 37 L. Ed. 2d 48 (1973)........................................................................................ 7

*Panorama Vill. Condo. Owners Ass' n Bd. of Dirs. v. Allstate Ins. Co.*, 144 Wn.2d 130, 142, 26 P.3d 910 (2001)............................................................................ 15

*Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990) .............................................. 12

*Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999) ................................... 10

*Schimmel v. Slaughter*, 975 F.Supp. 1481, 1484 (M.D. Ga. 1997) ..................... 13

*Sousa v. Miguel*, 32 F.3d 1370, 1374 (9th Cir. 1994) .......................................... 14

*Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988).................................................................................. 11

*Taliesen Corp.* v. *Razore Land Co.,* 135 Wn. App. 106, 144 Po3d 1185 (2006) ... 14

*Target Nat. Bank v. Higgins*, 180 Wash. App. 165, 321 P.3d 1215 (2014)........... 14

*Thorpe v. Collection Info. Bureau*, 963 F. Supp. 1172, 1174 (S.D. Fla. 1996) ....... 7

*Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995) ................................ 9

*Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997).......10, 13

**Statutes**

15 U.S.C. § 1692k(a)(3)..................................................................................5, 14

28 U.S.C. § 1920.................................................................................................. 15

42 U.S.C. § 1988.................................................................................................... 7

PLAINTIFF'S MOTION FOR AWARD OF REASONABLE ATTORNEY'S FEES AND COSTS - 18

1

2

## CM/ECF CERTIFICATE OF SERVICE

3          I hereby certify that on the 11th day of June, 2015, I electronically filed the

4   foregoing with the Clerk of the Court using the CM/ECF System which will send

5   notification of such filing to the following:

6

7   Kirk D. Miller              kmiller@millerlawspokane.com

8   Brian Cameron           bcameron@cameronsutherland.com

9
10  Matthew Z. Crotty        matt@crottyandson.com;

11                           matthew.z.crotty@msn.com

12

13                                          *Kirk D. Miller P.S.*

                                            /s Kirk D. Miller
14                                              Kirk D. Miller
                                                WSBA # 40025
15                                              Attorney for the Plaintiff

16

17

18

19

20

21

22

23

24

25  PLAINTIFF'S MOTION FOR
    AWARD OF REASONABLE
    ATTORNEY'S FEES AND COSTS -
    19