UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN E. WEIGAND, | No. 2:14-cv-00278-SAB |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| MATTHEW CHEUNG, an individual; and | **PLAINTIFF'S MOTION FOR** |
| PATENAUDE & FELIX, A | **SUMMARY JUDGMENT** |
| PROFESSIONAL CORPORATION, a | |
| California corporation, | |
| Defendants. | |

Before the Court are Plaintiff's Motion for Partial Summary Judgment, ECF No. 50 and Defendants' Motion for Clarification, ECF No. 60. The motion was heard without oral argument. Plaintiff is represented by Kirk D. Miller and Brian Cameron. Defendants are represented by Matthew Z. Crotty.

Plaintiff filed this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Plaintiff alleges three instances where Defendants violated the FDCPA: (1) by entering a default judgment after Plaintiff had appeared and without any notice or opportunity to be heard; (2) by refusing to voluntarily vacate the default judgment after it was entered and especially after Plaintiff reiterated his appearance in the proceedings through correspondence with Defendants; and (3) by claiming an amount due from Plaintiff in excess of the amount for which Toyota Motor Company agreed to settle the account.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Plaintiff now moves for partial summary judgment based on the January 27, 2015 dunning letter—his third theory of liability.

**1.      Plaintiff's Motion for  Partial Summary Judgment**

**A.      Motion Standard**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party had the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets their initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof.  *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 2

**B.    Facts**

In January, 2008, Plaintiff and his wife purchased a car and obtained a loan from Toyota Motor Credit (TMC) Corporation. In April, 2011, Plaintiff and his wife divorced. The dissolution decree required the wife to pay for the car loan. The wife eventually defaulted on the car loan, but Plaintiff had no knowledge of the default.

On August 2, 2013, Plaintiff was served by Defendants with an unfiled Summons and complaint in the Spokane County Superior Court that attempted to collect on the TMC loan. Although Plaintiff states that on August 6, 2013, he responded to the Summons and Complaint by mailing and faxing his response to Defendants and denying liability, Defendants maintain that no response was ever received by them.

On October 17, 2013, Defendants filed the TMC case against Plaintiff and his wife in Spokane County Superior Court and moved the court for default judgment against them on the same day. The motion was granted on October 29, 2013. The total amount of the judgment was $8,128.14. The judgment accrued interest at the simple interest rate of 12 percent per annum.

In December, 2013, Defendants entered into a settlement agreement with Plaintiff's ex-wife. Defendants agreed to settle the entire judgment for $5,500.00. The ex-wife was to make payments until the amount was paid off.

On January 27, 2014, Defendants sent Plaintiff a copy of the judgment entered against him in Spokane County Superior Court[1], as well as a dunning

---

[1] The Order of Default and Default Judgment indicated that the total judgment was for $8,128.14, and was broken down as follows:

| | |
|---|---|
| Principal Amount: | $7,669.63 |
| Interest to Date of Judgment: | $63.51 |
| Costs: | $395.00 |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3**

letter, informing him that a judgment was entered against him.[2] The letter stated that the Judgment balance due was $6,118.82. By this time, the ex-wife had paid $2,500 of the $5,500 settlement. Defendants never disclosed that they had settled this account with the ex-wife for $5,500, or that she had and was making payments toward the settlement.

### C.    Fair Debt Collection Practices Act

One action can give rise to multiple violations of the FDCPA. *Clark v. Capital Credit & Collect. Servs.*, 460 F.3d 1162, 1177 (9th Cir. 2006).

### (1)    15 U.S.C. § 1692e

15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. This includes any false representation of the character, amount, or legal status of any debt. § 1692e(2)(A). Section 1692e applies even when a false representation was unintentional. *Clark*, 460 F.3d at 1165.

//

//

---

The judgment included post-judgment interest at twelve percent. ECF No. 13-1, Ex. 2.

[2] Below is an excerpt of the letter:

RE:    Our Client:         TOYOTA MOTOR CREDIT CORPORATION (3107)
       Account Number:     XXXXXXXXXXXX0001
       Case Number:        13-2-04311-9
       Our File Number:    13-19832
       Judgment Balance Due:   $6,118.82

Dear Stephen E Weigand:

Please be advised that the court in the above referenced matter has entered judgment against you. Be further advised that even though judgment has been entered, our client may still be willing to discuss resolution of this account.

It is imperative that you contact this office immediately at (800) 832-7675. If you should have any further questions and/or comments, please do not hesitate to call.

The letter was signed by Matthew Cheung. ECF No. 13-1, Ex. 3.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4**

(2)    **15 U.S.C. § 1692f(1)**

15 U.S.C. § 1692f prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. This includes (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(3)    **15 U.S.C. § 1692k(c)**

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**D.    Analysis**

Plaintiff seeks summary judgment based on the January 27, 2014 dunning letter. Plaintiff asserts that Defendants' conduct in sending this letter violates the Fair Debt Collections Practices Act because it alleged more than the actual balance on the judgment is due; failed to disclose that the entire judgment has been settled with a third party for less than the amount claimed; and failed to disclose that the judgment has been partially satisfied by payments received from the third party.

Defendants maintain the letter truthfully informs Plaintiff that $6,118.82 is owed on the debt as of January 27, 2014. They state that the $6,118.82 takes into account the $2,500 that was paid by the ex-wife, plus post-judgment interest owing on the default, plus court costs associated with the debt. According to Defendants, the FDCPA does not require that a creditor disclose to a debtor settlement agreements reached with, but not money actually received from, co-debtors.

Here, a reasonable jury could only reach one conclusion, and that is, it is misleading and deceptive under the FDCPA to fail to disclose to a debtor that the judgment on which the debt collector was attempting to collect had been settled

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5**

with a third party for less than the amount claimed, and to fail to disclose that the judgment had been partially satisfied by payments received by a third party. A "least sophisticated debtor" would have believed that he owed $8,128.14 or $6,118.82, even though the actual balance on the account was much less since Toyota Motor Corporation had entered into an agreement for the full and exclusive satisfaction of the judgment, in a reduced amount, to be paid exclusively by the ex-wife. Neither one of these amounts reflected the current, actual balance of the account post-settlement agreement. Contrary to Defendants' position, it does not matter that the judgment had not been paid in full. There is nothing in the record to suggest that the ex-wife was not meeting her obligations under the settlement agreement, which contemplated that she would make monthly payments. Moreover, the potential for Defendants to receive double payments for the judgment was great, especially given that Defendants refused to vacate the judgment even after it was clear that Plaintiff was not liable for the debt.

Thus, judgment in favor of Plaintiff on the question of whether Defendants violated the FDCPA is appropriate. Defendants' failure to disclose the existence of a global settlement agreement pertaining to the outstanding judgment, while simultaneously attempting to collect the entire judgment balance is deceptive and misleading under the FDCPA.

## 2.    Defendants' Motion for Clarification

Defendants filed a motion asking the Court to clarify that the Court's finding that "there was not a meeting of the minds regarding the Offer of Judgment" constitutes an interlocutory Order of this Court. The Court declines to do so.

First, to the extent Defendants are asking the Court to certify under 28 U.S.C. § 1292(b)[3] that the Court's finding is a controlling question of law as to

---

[3] 28 U.S.C. § 1292(b) provides:

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6**

which there is substantial ground for difference of opinion, they have not met their burden. A movant seeking an interlocutory appeal has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers v. Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ('Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."). Section 1292(b) should be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

Second, to the extent Defendants seek "clarification," there is no need to clarify the Court's finding that "there was not a meeting of the minds regarding the Offer of Judgment."

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion for Partial Summary Judgment, ECF No. 50 is **GRANTED**.

2.    Defendants' Motion for Clarification, ECF No. 60, is **DENIED**.

///

**(b)** When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 7

1    **IT IS SO ORDERED.** The District Court Executive is hereby directed to

2    file this Order and provide copies to counsel.

3    **DATED** this 16th day of November, 2015.

4

5

6    

7

8    _____

9    Stanley A. Bastian

10    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT** ~ 8