UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN E. WEIGAND,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CHEUNG, an individual; and PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation,<br><br>    Defendants. | No. 2:14-cv-00278-SAB<br><br>**ORDER RE: MOTIONS IN LIMINE** |

Before the Court are Defendants' Motions in Limine, ECF No. 63. A hearing on the motions was held on January 22, 2016. Plaintiff was represented by Kirk Miller and Brian Cameron. Defendants were represented by Matthew Crotty. This order memorializes the Court's oral ruling.

This is a Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692k provides:

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
    (1) any actual damage sustained by such person as a result of such failure;
    (2)(A) in the case of any action by an individual, such

**ORDER RE: MOTIONS IN LIMINE** ~ 1

additional damages as the court may allow, but not exceeding $1,000;

\*\*\*

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) Factors considered by court

In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors--

(1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; . . .

(c) Intent

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Previously, the Court granted Plaintiff's Motion for Summary Judgment, concluding that a reasonable jury could only reach one conclusion and that is Defendants violated the FDCPA "by failing to disclose to a debtor that the judgment on which the debt collector was attempting to collect had been settled with a third party for less than the amount claimed, and failing to disclose that the judgment had been partially satisfied by payments received by a third party." ECF No. 62 at 5-6.

In making its oral ruling, the Court noted there are two issues the trier of fact will need to analyze at trial: (1) the frequency and persistence of

**ORDER RE: MOTIONS IN LIMINE** ~ 2

noncompliance of the Act on the part of the debt collectors, § 1692k(b)(1); and (2) whether the alleged violations were intentional, § 1692k(c). These two issues provide the framework for the Court's rulings:

Motion No. 1 – *Reference to the Court's partial summary judgment order*

Denied. The jury needs to be instructed that the Court has determined that Defendants have violated the FDCPA on at least one occasion.

Motion No. 2 – *Testimony regarding Defendants not returning phone calls*

Denied. This is relevant for the trier of fact who must determine the frequency and persistence of noncompliance.

Motion No. 3 – *Testimony regarding Gina Costello's letter*

Denied. The letter is relevant to show Plaintiff's actions once he received notice on August 2, 2013 of the lawsuit in state court.

Motion No. 4 – *Testimony /documents that divorce decree absolved Plaintiff of responsibility to pay Toyota debt*

Denied. Plaintiff's testimony that in his mind he was not responsible for the debt is relevant.

Motion No. 5 – *Testimony that Defendants' acts caused Plaintiff to incur $250.00 legal fee*

Denied. Testimony regarding causation of the $250 legal fee is a question for the trier of fact.

Motion No. 6 – *Testimony regarding credit history/score and parking ticket*

Denied. Plaintiff will be permitted to talk about his fears regarding his credit score and about receiving a parking ticket.

Motion No. 7 – *Plaintiff's testimony that Defendants' committed a crime*

Reserved ruling. Counsel is expected to follow the Federal Rules of Evidence and no ruling on this issue is needed at this time.

Motion No. 8 – *Exclusion of witnesses*

**ORDER RE: MOTIONS IN LIMINE** ~ 3

Granted. The parties agree that witnesses should be excluded.

Motion No. 9 – *Golden rule & send a message arguments*

Granted. The parties agree that "Golden Rule" or "send a message" arguments are not appropriate.

Motion No. 10 – *Claim for parking ticket damages*

Denied. Whether it is appropriate to award damages for the amount of the parking ticket is a question for the jury.

Motion No. 11 – *Testimony regarding emotional distress damages*

Denied. Plaintiff will be permitted to testify regarding his emotional distress damages. The Court reserved ruling on any alleged discovery violation.

Motion No. 12 – *Testimony regarding witness religious affiliation*

Granted. The parties are not permitted to present evidence or argument regarding religious affiliation.

Motion No. 13 – *Testimony regarding Plaintiff's credit score*

Denied. Plaintiff will be allowed to testify that he was fearful his credit score would be affected by the default judgment that was entered against him.

//
//
//
//
//
//
//
//
//
//
//
//

**ORDER RE: MOTIONS IN LIMINE** ~ 4

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motions in Limine, ECF No. 63 are granted, in part, and denied in part.

2. Plaintiff's Sur-Reply, ECF No. 76, is **stricken**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 4th day of February, 2016.



_____
Stanley A. Bastian
United States District Judge

**ORDER RE: MOTIONS IN LIMINE** ~ 5