1   Kirk D. Miller, P.S.
    421 W. Riverside Ave., Ste. 704
2   Spokane, WA 99201
    (509) 413-1494 Telephone
3   (509) 413-1724 Facsimile

4
    Brian Cameron
5   Cameron Sutherland, PLLC
    421 W. Riverside Ave., Ste. 660
6   Spokane, WA 99201
    (509) 315-4507 Telephone
7   (509) 315-4585 Facsimile

8

9
                IN THE UNITED STATES DISTRICT COURT
10                 EASTERN DISTRICT OF WASHINGTON

11  STEPHEN E. WEIGAND,              )
                                     )
12          Plaintiff,               )   Case No.: 2:14-CV-278-SAB
                                     )
13      vs.                          )
                                     )   PLAINTIFF'S SECOND MOTION
14                                   )   FOR AWARD OF ATTORNEY FEES
                                     )   AND COSTS
15  MATTHEW CHEUNG, an individual;   )
    and PATENAUDE & FELIX A          )   8/8/2016 @ 6:30 PM
16  PROFESSIONAL CORPORATION, a      )   WITHOUT ORAL ARGUMENT
    California corporation,          )
17                                   )
                                     )
18          Defendants.              )

19                  I.    Motion for Attorney's Fees and Costs

20
21          Plaintiff Stephen Weigand moves the Court for award of reasonable

22  attorney's fees and costs.  This Motion is based upon the memorandum of law

23  submitted at ECF No. 24 and Reply (ECF No. 32) with supporting documents.

24  Additionally, this Motion is based upon the argument herein, as well as the updated
25

    PLAINTIFF'S MOTION FOR
    AWARD OF REASONABLE
    ATTORNEY'S FEES AND COSTS - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

declarations of counsel in support of fees, all documents related to this Motion, and

all documents in the Court's file in this action.

II.    Background and Procedural History
(supplemented from ECF No. 24)

On August 2, 2013, Plaintiff was served by Defendants with an unfiled

summons and complaint in the Spokane County Superior Court.  Plaintiff appeared

in the action through his attorneys.  Despite his appearance in the case, Defendants

moved for and were granted a default judgment, without any notice to the Plaintiff.

Despite correspondence by both the Plaintiff and his attorney, the Defendants

refused to vacate the improper default.  Plaintiff suffered emotional distress, as

well as damage to his credit, resulting from the judgment.  Plaintiff was forced to

file a motion in the Spokane County Superior Court to vacate the void judgment.

On April 25, 2014, the Spokane County Superior Court agreed that the judgment

was void and vacated the illegal judgment.  After being confronted with the

Plaintiff's motion for summary judgment, the Defendants dismissed the Superior

Court lawsuit with prejudice.

On August 21, 2014, Plaintiff filed his Complaint against Defendants

Matthew Cheung and Patenaude & Felix for violations of the Fair Debt Collection

Practices Act (FDCPA).  Defendants filed their answer, denying that they violated

the FDCPA and asserting that Defendant Cheung is not a debt collector.  On

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

November 25, 2014, the Defendants filed a motion to dismiss, which was denied by this Court on February 4, 2015.  On March 26, 2015, the Defendants made an offer of judgment that included reasonable attorney's fees in an amount to be determined by this Court.  ECF No. 20-1.

Following the acceptance of the offer, the Court ultimately determined that the parties disagreed about the terms of the offer and that no meeting of the minds occurred.  The Court ultimately ruled that the offer was not accepted, and Plaintiff withdrew acceptance of the offer.  ECF No. 39, 40.  The fee petition filed by the Plaintiff, following the offer of judgment was denied as moot.  ECF No. 41.

The parties thereafter engaged in substantial motion practice on a variety of topics, where Plaintiff prevailed on every contested issue, including summary judgment on the Defendants' liability for violating the FDCPA.  See ECF Nos. 19, 62, 93, and 103.  The parties engaged in two unsuccessful mediation attempts with Magistrate Judge Rodgers.  On April 29, 2016, Defendants made an offer of settlement that included a stipulation that the Defendants would pay reasonable attorney's fees and costs in an amount to be determined by the Court.  ECF No. 106.  The settlement agreement was fully executed on June 8, 2016 and Plaintiff agreed to file his petition for attorney's fees within 30 days from the date of the

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

fully executed agreement.  *Id.*  On July 6, 2016, Plaintiff filed a stipulated notice of

the settlement with the Court.

III.    Statement of Facts

Plaintiff herein is represented by Kirk D. Miller of Kirk D. Miller, P.S and

Brian Cameron of Cameron Sutherland, PLLC.

Mr. Miller has expended a total of 149.20 compensable hours on behalf of

Plaintiff.  Mr. Miller's paralegal, Rachel Elston, has expended a total of 26.84

compensable hours on behalf of Plaintiff.  An itemized billing statement is attached

to the supporting declaration of Mr. Miller, filed herewith.  ECF No. 108.  The

hourly rate for the services provided by Mr. Miller is three hundred twenty-five

dollars ($325.00) per hour.  *Id.*  The total lodestar calculation for the services of

Mr. Miller in this matter is forty-eight thousand four hundred ninety dollars

($48,490.00 = 149.20 hours x $325.00).  *Id.*  The total lodestar calculation for the

services of Mr. Miller's paralegal in this matter is three thousand three hundred

fifty-five dollars ($3,355.00 = 26.84 hours x $125.00). *Id.*  Kirk D. Miller, P.S.,

also incurred costs and litigation expenses of one thousand four hundred seventy-

nine dollars and twenty cents ($1,479.20) in prosecution of this matter.  *Id.*  Kirk

D. Miller, P.S., incurred total reasonable time and costs in the amount of fifty-three

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

thousand three hundred twenty-four dollars and twenty cents ($53,324.20) on this matter as of July 7, 2016.  ECF No. 108-1.

Mr. Cameron has expended a total of 119.8 compensable hours on behalf of Plaintiff.  Cameron's Paralegal, Tammy Fales, has expended a total of 3.2 compensable hours on behalf of Plaintiff, and his Legal Assistant, Christina Nelson, has expended a total of 0.8 compensable hours on behalf of Plaintiff.  An itemized billing statement is attached to the supporting declaration of Mr. Cameron, filed herewith. ECF No. 109.  The current hourly rate for the services provided by Mr. Cameron is two hundred fifty dollars ($250.00) per hour.  The total lodestar calculation for the services of Mr. Cameron in this matter is therefore twenty-nine thousand nine hundred fifty dollars ($29,950.00 = 119.8 hours x $250.00).  *Id.*  The total lodestar calculation for the services of Mr. Cameron's Paralegal in this matter is three hundred eighty-four dollars ($384.00 = 3.2 hours x $120.00).  The total lodestar calculation for the services of Mr. Cameron's Legal Assistant in this matter is seventy-two dollars ($72.00 = 0.8 hours x $90.00).  *Id.* Cameron Sutherland, PLLC, also incurred costs and litigation expenses of three hundred eighty-seven dollars and forty-five cents ($387.45) in prosecution of this matter.  *Id.*  Cameron Sutherland, PLLC, incurred total reasonable time and costs

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

in the amount of thirty thousand seven hundred ninety-three dollars and forty-five cents (30,793.45) on this matter as of July 6, 2016.  ECF No. 109-1.

Plaintiff is the prevailing party in this litigation for the purpose of awarding attorney's fees and costs, and is entitled to costs and reasonable attorney's fees in the amount of eighty-four thousand one hundred seventeen dollars and sixty-five cents ($84,117.65). ECF Nos. 108, 109.

Counsel have carefully reviewed the time records to ensure that only productive and necessary efforts are included in this fee petition.  Furthermore, Washington Law permits recovery of all time reasonably expended in the litigation, whether or not each time entry contributed to the successful claim, so long as the time is related to the ultimate result achieved.  *Chuong Van Pham v. City of Seattle, Seattle City Light*, 159 Wash. 2d 527, 548, 151 P.3d 976, 986 (2007).

IV.    Argument

A. Plaintiff Was Successful in this Action

The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney's fees to a successful consumer:

> [a]ny debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of--[actual damages] [statutory damages] and (3) in the case of any successful action to enforce the foregoing liability,

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 6

1

2

the costs of the action, together with a reasonable attorney's fee as determined by the court.

3

4

15 U.S.C. § 1692k(a)(3)

5

6

7

8

9

10

11

12

Under the FDCPA, the prevailing plaintiff is entitled to a reasonable attorney's fee as determined by the Court.  *Id.*  "The FDCPA's statutory language makes an award of fees mandatory."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted).  Having prevailed on Default Judgment, and Judgment having been entered, Plaintiff is unquestionably the prevailing party in this litigation.  As the prevailing party, Plaintiff is entitled to a mandatory award of costs and reasonable attorney's fees.  *Id.*

13

14

15

16

17

18

19

20

Given the structure of the FDCPA, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorneys-general.  *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). *See also, DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990).

21

22

B.  Plaintiff's Attorneys are to be Awarded Fees
Pursuant to the Lodestar Formula

23

24

25

The U.S. Supreme Court has explained the calculation for an award of attorney's fees:

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

> The most useful starting point for determining the amount of a
> reasonable fee is the number of hours reasonably expended on
> the litigation multiplied by a reasonable hourly rate. The
> calculation provides an objective basis on which to make an
> initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40 (1983); *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). *See also, Thorpe v. Collection Info. Bureau*, 963 F. Supp. 1172, 1174 (S.D. Fla. 1996).

Although this decision, and others cited hereinafter, arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, these criteria are equally applicable here. "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart*, 461 U.S. at 433, n. 7. "We have stated in the past that fee-shifting statutes' similar language is 'a strong indication that they are to be interpreted alike.'" *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639 (1989), *quoting Northcross v. Memphis Bd. Of Education*, 412 U.S. 427, 428; 93 S. Ct. 2201, 2202; 37 L. Ed. 2d 48 (1973). The multiplication of the reasonable number of hours expended times the reasonable hourly rate is referred to as the "lodestar." *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995).

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 8

Mr. Miller's compensable time in this litigation totaled 149.2 hours. ECF No. 108. This amount of time is reasonable. *Id.* The hourly rate of $325.00 charged by Mr. Miller is appropriate for an attorney of his experience in this type of litigation. *Id.* Ms. Elston's compensable time in this litigation totaled 26.84 hours. *Id.* This amount of time is reasonable. *Id.* The hourly rate of $125.00 charged by Ms. Elston is appropriate for a paralegal of her experience. *Id.* Kirk D. Miller, P.S., also incurred $1,479.20 in costs and litigation expenses in this matter. ECF No. 108-1.

Mr. Cameron's compensable time in this litigation totaled 119.8 hours. ECF No. 109. This amount of time is reasonable. *Id.* The hourly rate of $250.00 charged by Mr. Cameron is appropriate for an attorney of his experience in this type of litigation. *Id.* Ms. Fales' compensable time in this litigation totaled 3.2 hours. *Id.* This amount of time is reasonable. *Id.* The hourly rate of $120.00 charged for Ms. Fales' services is appropriate for a Paralegal of her experience. *Id.* Ms. Nelson's compensable time in this litigation totaled 0.8 hours. *Id.* This amount of time is reasonable. *Id.* The hourly rate of $90.00 charged for Ms. Nelson's services is appropriate for a Legal Assistant of her experience. *Id.* Cameron Sutherland, PLLC, also incurred $387.45 in costs and litigation expenses in this matter. ECF No. 109-1.

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS - 9

1

2

## C.  The Lodestar May Not be Reduced Due
## to the Amount of the Judgment

3

        Plaintiff seeks an award of his attorney fees based upon the lodestar formula.

4

In this case, the parties settled the case but agreed that the Plaintiff is the prevailing

5

party for the purpose of awarding reasonable fees and costs.  ECF No. 106.

6

7

        1.  Prevailing Market Rates are the Standard

8

        The U.S. Supreme Court stated "[t]he statute and legislative history establish

9

that 'reasonable fees' under section 1988 are to be calculated according to the

10

prevailing market rates in the relevant community, regardless of whether plaintiff

11

is represented by private or non-profit counsel." *Blum v. Stenson*, 465 U.S. 886,

12

895, 104 S. Ct. 1541, 1547 (1984) (footnote omitted). *See also, Camacho* at 979-

13

81.  Mr. Miller seeks an hourly rate of $325.00.  ECF No. 108.

14

15

> In order to encourage able counsel to undertake FDCPA cases,
> as Congress intended, it is necessary that counsel be awarded
> fees commensurate with those which they could obtain by taking
> other types of cases ... Paying counsel in FDCPA cases at rates
> lower than those they can obtain in the marketplace is
> inconsistent with the congressional desire to enforce the FDCPA
> through private actions, and therefore misapplies the law.

16

17

18

19

20

21

*Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995).

22

        The respective hourly rates of Mr. Miller and his paralegal, Ms. Elston, and

23

24

Mr. Cameron, his Paralegal, Ms. Fales, and his Legal Assistant, Ms. Nelson, are

25

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
10

reasonable in light of their respective experience and skill and the prevailing market rates in the Spokane County legal community.  ECF Nos. 108, 109.  It is also the rate they charge their fee-paying clients.  *Id.*  Moreover, the rates are appropriate in light of what is charged in the marketplace for attorneys and paralegals with comparable skills and experience.  *Id.*

As Defendants' counsel, who was a member of the same Gonzaga Law School class as Plaintiff's counsel, testified to this Court in 2013 that his reasonable hourly rate is three hundred fifty dollars ($350.00) per hour, the Court should not entertain any argument that Kirk D. Miller's hourly rate of three hundred twenty-five dollars ($325.00) should be reduced.

2.  The Award of Attorneys' Fees is not Limited by the Amount of Damages

As long as the consumer is successful, i.e., recovers more than nominal damages, the consumer should be awarded attorney fees pursuant to a lodestar calculation.  "In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under section 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d 446 (1986)(footnote omitted). *Also see: Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999); *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997).

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards. *See e.g., Heritage Pacific Financial, LLC v. Monroy*, 215 Cal. App. 4th 972, 1007 (Cal. App. 1st Dist. 2013) ("This lawsuit may spur [Defendant] to cease unlawful conduct against other consumers, which is an important consideration.")  Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney's fees.  The Supreme Court quoted Senator Tunney's remarks in the Congressional Record: "If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers." *City of Riverside*, 477 U.S. at 575, 106 S. Ct. at 2694 (citation omitted).

The Third Circuit amplified this thought, stating:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

*Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988).

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
12

"Congress has relied on such plaintiffs to act as private attorneys general." *Id.* at 1450 n.13. *Also see: Graziano v. Harrison*, 950 F.2d at 113. The amount of damages awarded often has borne no relation to the amount of attorney's fees granted. "[A]ttorney's fees awarded by district courts have 'frequently outrun the economic benefits ultimately obtained by successful litigants.'" *Evans v. Jeff D.*, 475 U.S. 717, 735; 106 S. Ct. 1531, 1541; 89 L. Ed. 2d 747 (1986) (citation omitted). Upon finding a statutory violation and damages, the attorney's fees award should be made in the lodestar amount. *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).

For example, in *Cruz v. Int'l Collection Corp.*, 2010 U.S. Dist. LEXIS 69688 (N.D. Cal. June 8, 2010) (J. Fogel), the Court awarded plaintiffs' counsel $22,656.17 in attorney's fees and $2,854.81 in costs where the plaintiff recovered $1,000 in statutory damages. In *Bretana v. Int'l Collection Corp.*, 2010 U.S. Dist. LEXIS 68872 (N.D. Cal. June 8, 2010) (J. Fogel), the Court awarded $50,542.17 in attorneys' fees and $5,268.51 in costs where the plaintiff recovered $2,500 in damages. In *Armstrong v. The Rose Law Firm, P.A.*, 2002 U.S. Dist. LEXIS 16867 (D. Minn. Sept. 4, 2002), the district court approved the award of $43,180 in attorney's fees where the plaintiff recovered $1,000 in statutory damages. The Southern District of Florida affirmed the bankruptcy court's award of attorney's

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
13

1    fees of $29,037.50 where the plaintiff recovered FDCPA statutory damages of only

2    $1,000.  *In re Martinez*, 266 B.R. 523, 544 (Bankr. S.D. Fla. 2001), *aff'd* 271 B.R.

3    696 (S.D. Fla. 2001).    In *Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990), the

4    district court awarded $10,110 in attorney's fees where the plaintiff's recovery was

5    only $1,200.  The Seventh Circuit reversed a district court's denial of attorney's

6    fees even though the plaintiffs only recovered $100 ($50 each) as FDCPA statutory

7    damages and remanded for determination of an award of attorney's fees.  *Zagorski*

8    *v. Midwest Billing Services, Inc.*, 128 F.3d 1164.  Of course, the amount of

9    reasonable attorney's fees awarded pursuant to the FDCPA is left to the sound

10   discretion of the judge.  *Schimmel v. Slaughter*, 975 F.Supp. 1481, 1484 (M.D. Ga.

11   1997); *See also, Danow v. Law Office of David E. Borack*, P.A., 367 Fed. Appx. 22

12   (11th Cir. Fla. 2010) (Although the consumer recovered the same $1,000 damages

13   contained in the Offer of Judgment, the final Judgment obtained was not

14   confidential as required by the Offer, and the consumer was entitled to the award

15   of attorney's fees in the amount of $62,895.00 plus costs of $715.60).

16         The Ninth Circuit Court of Appeals recently found that the court did not

17   abuse its discretion in awarding $697,000 in attorney fees and costs to a plaintiff

18   who recovered $27,000 in damages under the California Fair Employment and

19   Housing Act. *Muniz v. UPS*, 738 F.3d 214, 227 (9th Cir. Cal. 2013) ("A trial court

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

does not under California law abuse its discretion by simply awarding fees in an amount higher, even very much higher, than the damage awarded, where successful litigation causes conduct which [a statute] was enacted to deter to be exposed and corrected.")

Likewise, under Washington Law, when a party seeks an award of fees disproportionate to a damages award, courts readily grant the request when documentation supports a reasonable expenditure of time on tasks performed by counsel. *Target Nat. Bank v. Higgins*, 180 Wash. App. 165, 321 P.3d 1215 (2014) (citing: *Fiore* v. *PPG Indus., Inc.,* 169 Wn. App. 325, 279 P.3d 972 (2012); *Taliesen Corp.*v. *Razore Land Co.,* 135 Wn. App. 106, 144 Po3d 1185 (2006); *Mayer* v. *City of Seattle,* 102 Wn. App. 66, 10 Po3d 408 (2000); *Dash Point Vill. Assocs.* v. *Exxon Corp.,* 86 Wn. App. 596, 937 P.2d 1148 (1997)).

D. Plaintiff's Counsel is Entitled to an Award of Costs and Litigation Expenses

Plaintiff has requested the award of costs and litigation expenses in addition to an award of attorneys' fees. FDCPA "plaintiffs are also entitled to an award of costs representing out-of-pocket litigation expenses ... includ[ing] costs incurred in travel (airfare, car rental, hotels and food, gasoline and the like), telephone, postage and photocopying." *Ilick v. Miller*, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999).

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

The FDCPA grants the successful plaintiff "the costs of the action." 15 U.S.C. §1692k(a)(3). Long distance telephone and faxing expenses, as well as copying and postage have been awarded as costs. *Sousa v. Miguel*, 32 F.3d 1370, 1374 (9th Cir. 1994). Recoverable costs include travel, photocopies, lodging, postage, telephone calls, and computerized research. *Libertad v. Sanchez*, 134 F. Supp. 2d 218, 236 (D.P.R. 2001). Costs may be recovered as provided for by statute as well as 28 U.S.C. § 1920. *See Lathem v. Department of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999). Costs incurred by Plaintiff are detailed in the accompanying affidavits of counsel. ECF Nos. 108, 109.

1. Legal Assistants and Interns

Fees for legal work performed by legal assistants and law clerks may be included in attorney's fees. *Absher Construction Company v. Kent School District*, 79 Wn. App. 841, 905 P.2d 1229, 917 P.2d 1086 (1995). The Washington Supreme Court has held that "reasonable attorney fees" includes reasonably, necessary expenses of litigation. *Panorama Vill. Condo. Owners Ass′ n Bd. of Dirs. v. Allstate Ins. Co.*, 144 Wn.2d 130, 142, 26 P.3d 910 (2001); *Louisiana-Pac. Corp. v. Asarco, Inc.*, 131 Wn.2d 587, 605, 934 P.2d 685 (1997) (Sanders, J., concurring). The United States Supreme Court has approved of an award of fees for legal assistance noting that, "[b]y encouraging the use of lower cost paralegals

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
16

rather than attorneys wherever possible, permitting market-rate billing of paralegal hours encourages cost-effective delivery of legal services." *Missouri v. Jenkins*, 491 U.S. 274, 288, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (internal quotation marks omitted).

In *Absher*, the Court found that because non-lawyer personnel decrease the expense of litigation, use of their services should not be discouraged. *Absher*, 79 Wn. App at 844. Excluding such services from an attorney fee award might act as a deterrent to providing cost-effective legal services. The services of a "qualified legal assistant" may be included in an attorney fee award. *Id.*

## V.    Conclusion

Attorney fees and expenses should be awarded to Plaintiff in the amount of eighty-four thousand one hundred seventeen dollars and sixty-five cents ($84,117.65).

DATED this 7th day of July, 2016.

*Kirk D. Miller P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA # 40025
Attorney for the Plaintiff

PLAINTIFF'S MOTION FOR AWARD OF REASONABLE ATTORNEY'S FEES AND COSTS - 17

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Kirk D. Miller          kmiller@millerlawspokane.com

Brian Cameron           bcameron@cameronsutherland.com

Matthew Z. Crotty       matt@crottyandson.com;

                        matthew.z.crotty@msn.com

*Kirk D. Miller P.S.*

/s Kirk D. Miller

Kirk D. Miller
WSBA # 40025
Attorney for the Plaintiff

PLAINTIFF'S MOTION FOR
AWARD OF REASONABLE
ATTORNEY'S FEES AND COSTS -
18