Matthew Z. Crotty, WSBA 39284
Crotty & Son Law Firm, PLLC
905 West Riverside, Suite 409
Spokane, WA 99201-0300
(509)850-7011 Phone
(509)703-7957 Fax
Email: matt@crottyandson.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN E. WEIGAND,<br><br><br>                     Plaintiff,<br>v.<br><br>MATTHEW CHEUNG, and<br>individual; and PATENAUDE &<br>FELIX, A PROFESSIONAL<br>CORPORATION, a California<br>corporation,<br><br><br>     Defendants. | Case No.  2:14-cv-00278-SAB<br><br>DEFENDANTS' OPPOSITION TO<br>PLAINTIFF'S MOTION FOR<br>FEES AND COSTS |

## I.    INTRODUCTION & SUMMARY OF ARGUMENT

Federal courts have "seen an infestation of debtors using the FDCPA as a

OPPOSITION TO FEE PETITION - 1

sword, not a shield." *Bogue v. NCO Financial Systems, Inc.*, 2014 WL 6886690, at *2 (W.D. Wash. 2014).   This is one such case. This case had little to do with enforcing the FDCPA and everything to do with maximizing Plaintiff's counsels' bottom line.

Plaintiff's fees should be reduced because of Plaintiff's counsel's vindictive litigation tactic of rejecting the April 6, 2015 OOJ it previously accepted against Defendant Patenaude & Felix. Undisputedly, Plaintiff rejected the April 6, 2015, OOJ *solely* because that OOJ didn't offer judgment against co-defendant Matt Cheung in his individual capacity.   Undisputedly, Plaintiff's counsels' billing records contain no evidence that their client, Mr. Weigand, was even consulted before Plaintiff's counsel rejected the April 2015 OOJ. Undisputedly, obtaining an OOJ against Mr. Cheung did nothing, as a matter of law, to increase Mr. Weigand's recovery, a fact of which Plaintiff's counsel was aware. Yet, in order to resolve the case, Defendants (following rejection of the April 2015 OOJ) offered judgment against both Cheung and P&F. But Plaintiff then rejected that offer, caused both parties to incur additional fees for nearly a year, and then settled the case without obtaining a judgment against Mr. Cheung.

Plaintiff's fee petition should also be reduced because of Plaintiff's

OPPOSITION TO FEE PETITION - 2

counsels' discovery abuse of knowingly withholding discovery damage information until months after Defendants' Offers of Judgment (OOJ) issued. (ECF No. 97) Had Defendants known of Plaintiff's alleged actual damages earlier it would have likely offered judgment in that amount so as to resolve the case. Accordingly, Plaintiff should not be awarded fees and costs it incurred after its April 6, 2015, OOJ acceptance. The amount Plaintiff should be paid for its pre-April 6, 2015, work is $4,562.50. (ECF No. 27, p. 9)

## II.    FACTS

On March 27, 2014, attorney Kirk Miller called Patenaude & Felix (P&F), told P&F that Weigand's "fam law attorney [Gina Costello – more on her below] responded" to P&F's state court lawsuit and stated he (Miller) was going to move to set aside the state court judgment. (Cheung Decl. Ex. A *citing* DEF 307) P&F "offered to stip to set aside the [default judgment] and *asked what were the residual dmgs if that happens.*" *Id.* Mr. Miller did not answer that question but demanded $10,000.00 "to settle now." *Id.* Plaintiff filed the lawsuit on August 14, 2014. (ECF No. 1)

On October 11, 2014, Plaintiff served Defendants with its Fed. R. Civ. P. 26(a)(1)(A)(iii) initial disclosure pleading but did not list any expense associated

OPPOSITION TO FEE PETITION - 3

with Weigand's family law attorney responding to P&F's state court lawsuit even though Rule 26(a) required such disclosure. (ECF No. 97-1, ¶3 Ex. A)

On October 30, 2014, Defendants propounded discovery on Plaintiff. Interrogatory 2 of that discovery asked Plaintiff to state the facts upon which Plaintiff claimed actual damages. Plaintiff responded to Interrogatory No. 2 on February 9, 2015. Plaintiff answered Interrogatory 2 as follows: "See Complaint ¶¶4.17 and 5.3 regarding emotional distress and derogatory credit reporting." (ECF No. 63-1, p. 36)  No mention of Ms. Costello's expenses was made. *Id.*

Based on the fact that Plaintiff produced no evidence of actual damages as part of its initial disclosures or discovery responses, P&F, on March 26, 2015, issued a Rule 68 Offer of Judgment (OOJ) for $1,000.01. (ECF No. 97-2, ¶7)

On April 6, 2015, Plaintiff accepted the OOJ. (ECF No. 20-1.)  But on June 4, 2015, Mr. Miller (without informing his client – see below) changed his mind and emailed Defense counsel as follows:

> I just called the court again to find out the status of entering the judgment so that we can file our fee petition. It was pointed out to me that the offer was only for P&F. Is it your intention to continue defending Cheung? If the OOJ is for both, we need an amended offer. If not, we need to re-set the depo ASAP. <u>Either way is fine with us, but this case is not going to go away without a judgment against Cheung</u>. Please let me know what your clients want to do. Thanks!! (Crotty Decl. Ex. B, pg. 18)(emphasis added)

OPPOSITION TO FEE PETITION - 4

Defendants' counsel unsuccessfully tried to resolve the issue by informing Mr. Miller that obtaining a judgment against Mr. Cheung would not increase Weigand's financial recovery and submitted legal authority in support. *Id.* at pg. 17. Mr. Miller rejected that offer and did so without even consulting Mr. Weigand as Plaintiff's counsels' billing records contain no record of Mr. Miller or Mr. Cameron communicating with Mr. Weigand, at all, in June 2015 - - the month the court clerk alerted Miller/Cameron of Cheung's omission on the April OOJ and the month Defense counsel tried to resolve that issue with Plaintiff's counsel. (*Id.* at 16; ECF No. 108-1, p. 18; ECF No. 109-1, p. 9)

On July 21, 2015, the Court allowed Plaintiff to vacate the default judgment Weigand previously accepted with the assistance of his two lawyers. (ECF No. 39) On July 27, 2015, Plaintiff vacated the offer of judgment (ECF No. 40) and, on July 28, 2015, Defendants gave Plaintiff exactly what he wanted by serving a second $1,001.00 OOJ naming Mr. Cheung. (ECF No. 97-2, ¶3-4) The OOJ amount remained at $1,001.00 because no evidence existed to increase it.

On October 15, 2015 (over a month after Plaintiff filed its motion for summary judgment) Plaintiff, now well aware of the July 28, 2015 OOJ amount it needed to beat at trial, disclosed an August 6, 2013, $250.00 check that Weigand

OPPOSITION TO FEE PETITION - 5

wrote to Gina Costello, the above-referenced "fam law attorney" and a witness for Plaintiff in this case. (ECF No. 63-1, p. 33; ECF 97-1, p. 7) Plaintiff disclosed additional "actual damage" evidence during his November 2015 deposition - - - all of which should have been disclosed one year earlier. (ECF No. 97-2, ¶8) Plaintiff's counsel was aware of the $250.00 check when he called P&F in March 2014 to convey his $10,000.00 settlement offer. Had Plaintiff disclosed the actual damage evidence Defendants would have taken that information in to account in preparing the above-referenced OOJs. (ECF No 97-2, ¶9)(Cheung Decl. ¶5) Although the Court denied Defendants' attempt to exclude the above-referenced actual damage evidence from trial it did note, "[t]o the extent Defendant has been prejudiced with respect to attorneys' fees, the Court can address this when it rules on the reasonableness of the requested fees." (ECF 103, p.2)

On May 30, 2016, Weigand settled the case for $5,000 – half of what Miller requested over two years earlier – and without a judgment against Mr. Cheung. (Cheung Decl. ¶4)

## II.    ARGUMENT

**A.    Plaintiff's discovery abuses unfairly prejudiced Defendants and Plaintiff's litigation tactics violated Fed. R. Civ. P. 1.**

OPPOSITION TO FEE PETITION - 6

A party litigating under a fee awarding statute cannot (a) ignore Fed. R. Civ. P. 26(a)(1)(A)(iii)'s damage computation requirement, (b) provide evasive and incomplete responses to subsequent Rule 33 discovery requests seeking the damage information, (c) ignore Rule 26(e)'s supplementation mandate, (d) receive an Offer of Judgment, (e) wait three months (as attorneys' fees continue to mount on each side), and then (f) disclose damage information that would allow it to beat the Offer of Judgment number and recover substantial attorneys' fees. That is precisely what Plaintiff did here. Courts have reduced prevailing party attorney fee awards in analogous cases and this Court should do the same. *Mugavero v. Arms Acres, Inc.,* No. 03 CIV.05724 PGG, 2010 WL 451045, at *11 (S.D.N.Y. Feb. 9, 2010); *GTR Rental, LLC v. DalCanton*, 547 F. Supp. 2d 510, 523 (D.S.C. 2008).

Plaintiff should not be awarded any attorneys' fees incurred after its April 6, 2015, OOJ rejection. Plaintiff admits to vacating the April 2015 OOJ for the sole (vindictive) purpose of getting a judgment entered against Mr. Cheung yet Plaintiff never got a judgment against Mr. Cheung even though Plaintiff's counsel knew judgment against Cheung would not increase Weigand's recovery. (Crotty Decl. Ex. B) The Rules of Civil Procedure should be administered to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.  In

OPPOSITION TO FEE PETITION - 7

explaining Rule 1's policy *Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005), stated – in an analogous context – "[t]he reality is that if this case had gone to trial in the ordinary course, it would long since have been over and done with." Such is the case here. The reality is had Plaintiff's counsel not decreed that "this case is not going to go away without a judgment against Cheung" the matter "would have long since have been over and done with." The same is true had Plaintiff disclosed the Costello fee when required under the rules. (Cheung Decl. ¶5) Defendants should not have to pay Plaintiff for discovery violations and litigation decisions that had nothing to do with increasing Mr. Weigand's recovery.

To that end, Defendants' respectfully request that all fees and costs Plaintiff claim beyond April 6, 2015 (the day Plaintiff accepted the March 26, 2015, OOJ) not be awarded.  The amount awarded should be $4,562.50. The basis for that amount is set out in ECF No. 27; ECF No. 27-1; ECF No. 27-2.

**B.    Plaintiff's fees are unreasonable and should be reduced**.

In the event the Court awards Plaintiff post-April 6, 2015, fees then those fees should be reduced because they (1) are excessive, unnecessary, or redundant, (2) are not based on a provable hourly rate and (3) are not supported by the *Kerr*

OPPOSITION TO FEE PETITION - 8

factors . *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975) case.

Plaintiff's post April 6, 2015, fees are excessive, unnecessary, or redundant for the reasons set out in the Declaration of Matt Crotty and should be reduced to $17,277.50. (Crotty Decl. ¶¶5-8; ECF No. 27-2)

Plaintiff's counsels' rates are excessive and should be reduced. Plaintiff's self-serving statements justifying their $250-$325/hour rates should be reduced to the level commensurate with that of similarly-situated Spokane attorneys. (ECF No. 27-2, ¶17)   Mr. Miller's rate should be reduced to $200/hour. *Id.* Mr. Cameron's rate should be reduced to $125/hour. *Id.* ¶¶4-5. That Mr. Miller received a $285.00/hour rate in the *Sleeper v. Rent Rover* 2:14-cv-005-TOR case is not dispositive as that case involved Mr. Miller obtaining a default judgment against pro se defendants. *See Martinez v. Hernando Cty. Sheriff's Office,* 579 F. App'x 710, 714 (11th Cir. 2014).   That Defendants' counsel was awarded a $350.00/hour rate in the *Hanson v. Kitsap County* is not persuasive.  That case was different. (Crotty Decl. ¶2-3)

*Kerr* contains a twelve factor test. *Kerr,* 526 F.2d at 70. Regarding the *Kerr* factors, Plaintiff - - - who bears the burden of proof on this motion - - - submits <u>no</u>

OPPOSITION TO FEE PETITION - 9

<u>evidence</u> establishing *Kerr* factors (2), (3), (4), (7), (10), and (11), <u>no independent</u> <u>evidence</u> establishing *Kerr* factors (5), (8), and (9), and <u>no admissible evidence</u> regarding part of *Kerr* factor (1) as it Plaintiff's paralegal fees or costs. Such lack of evidence is fatal to Plaintiff's fee petition as motions for attorneys' fees must be based on admissible evidence. *See In re Hill,* 450 B.R. 885, 892 (B.A.P. 9th Cir. 2011); *Figure Eight Holdings, LLC v. Dr. Jay's, Inc.,* 2011 WL 5839655, at *1 (C.D. Cal. Nov. 18, 2011).

Plaintiff also requests compensation for work paralegals Rachael Elston and an un-named paralegal for attorney Cameron did on the case but does not submit declarations from either paralegal. (ECF No. 108; 109) Fee petitions seeking reimbursement for paralegal time must be based on personal knowledge, meaning the paralegals, not their attorneys, must submit a declaration setting forth admissible evidence justifying their expenses. *Muniz v. United Parcel Serv., Inc.,* 738 F.3d 214, 223 (9th Cir. 2013). Plaintiff's failed to submit paralegal declarations as part of their first motion for attorneys' fees but supplied them in reply after Defendants pointed out that error. (ECF No. 27, p. 6; ECF No. 34) Plaintiff makes the same error this time and any attempts to remedy the same error on reply should be rejected. Also, Plaintiff should not be reimbursed for any of the

OPPOSITION TO FEE PETITION - 10

costs it seeks because a party seeking reimbursement for litigation expenses must submit supporting records in support thereof (not just a lawyer-created spreadsheet) at the time of their motion for such costs and Plaintiff has not done so. *See Biller v. Peter Rodgers Org., Ltd.,* 281 F. App'x 659, 660 (9th Cir. 2008); *Edelman v. PSI Associates II, Inc.,* 147 F.R.D. 217, 223 (C.D. Cal. 1993). *See also Hanson v. Cty. of Kitsap, Wash.,* No. 13-5388 RJB, 2015 WL 3965829, at *9 (W.D. Wash. June 30, 2015)(no costs awarded because plaintiff's counsel failed to provide independent evidence of costs in motion for fees and costs).

### III.    CONCLUSION

Plaintiff's motion for fees and costs should be denied outright to the extent it requests fees for work done after April 6, 2015.

Dated this 21st day of July 2016.

> /s Matthew Crotty
> Crotty & Son Law Firm, PLLC
> 905 West Riverside, Suite 409
> Spokane, WA 99201

OPPOSITION TO FEE PETITION - 11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was electronically filed and served via CM/ECF to the following on this 21st day of July 2016.

Brian Cameron

Kirk Miller

Michael Love

/s/ *Matthew Z. Crotty*
MATTHEW Z. CROTTY
Crotty & Son Law Firm, PLLC
905 West Riverside, Suite 409
Spokane, WA 99201
matt@crottyandson.com
Telephone: 509.850.7011
<u>Email</u>:  matt@crottyandson.com

OPPOSITION TO FEE PETITION - 12